**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7621**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NEDRICK LAMONT JOHNSON, a/k/a Rick, a/k/a Ricky,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, Senior District Judge.  (1:19-cr-00137-AJT-1)

Submitted:  September 3, 2021                    Decided:  September 20, 2021

Before MOTZ, KING, and QUATTLEBAUM, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion. Judge Quattlebaum dissents.

Nedrick Lamont Johnson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nedrick Lamont Johnson appeals the district court's order denying his motion for compassionate release. Finding that the district court relied on erroneous factual premises, we vacate and remand for a more thorough consideration of the 18 U.S.C. § 3553(a) sentencing factors.

The district court held that Johnson failed to demonstrate "extraordinary and compelling reasons" warranting release under 18 U.S.C. § 3582(c)(1)(A)(i), including because it could not conclude Johnson is "significantly more at risk" of suffering severe illness from COVID-19 than "any other inmate within [his] prison facility." *United States v. Johnson*, No. 1:19-cr-00137-AJT-1, at 3 (E.D. Va. Oct. 14, 2020). Although the court found that Johnson suffers from epilepsy and obesity, it stated that Johnson had not shown that either condition put him at increased risk of severe illness from COVID-19, citing to information published by the U.S. Centers for Disease Control and Prevention ("CDC"). *See id.* at 3 & n.2 (citing *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html).

When a district court denies a motion for compassionate release, we will find the court abused its discretion if it "reli[ed] on erroneous factual or legal premises." *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021) (alteration in original) (quoting *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018)). Here, the court relied on erroneous factual premises in claiming that the CDC source did not show that Johnson's conditions put him at increased risk of severe illness from COVID-19. First, the source lists

2

"neurological conditions" as putting one at increased risk, and epilepsy is a neurological condition. *See People with Certain Medical Conditions*, *supra*; *see also Improving Epilepsy Education, Systems of Care, and Health Outcomes Through National and Community Partnerships (RFA-DP-21-01)*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/chronicdisease/about/foa/epilepsy/index.htm (describing epilepsy as a "neurological condition"). Second, the source states that being either overweight or obese "can make you more likely to get severely ill from COVID-19." *See People with Certain Medical Conditions*, *supra*.

Accordingly, we vacate and remand for a more thorough analysis of the § 3553(a) sentencing factors. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*